Case 3:22-cv-00037   Document 12   Filed on 07/15/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHNNETTA PUNCH, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:22-cv-00037 |
| | § | |
| ADMINISTRATOR BILL NELSON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

When I first took the bench a little over four years ago, one of the first cases I handled was an employment discrimination lawsuit filed in 2016 by Johnnetta Punch ("Punch") against, among others, the Administrator of the National Aeronautics and Space Administration ("Administrator"). In that case (the "2016 Lawsuit"), Punch alleged that NASA hired her in December 2006, put her on a Performance Improvement Plan in March 2013, and then fired her for purported poor performance on August 6, 2013. Disputing the reason behind her termination, Punch alleged that the Administrator discriminated against her on account of her race, color, sex, and age and retaliated against her for filing a charge of discrimination with NASA's Equal Employment Opportunity office. I worked hard on that case and was quite proud of the opinion I produced at the summary judgment stage. *See Punch v. Nat'l Aeronautics & Space Adminstration*, No. 3:16-CV-00137, 2018 WL 2306497 (S.D. Tex. Apr. 11, 2018). That ruling was subsequently upheld by the Fifth Circuit. *See Punch v. Bridenstine*, 945 F.3d 322 (5th Cir. 2019). After the Fifth Circuit's mandate issued, I understandably figured the Punch case was over and done with. A few years passed, a global pandemic blindsided us all, my wonderful daughter graduated high school and started college, and I became a grizzled veteran on the bench.

Imagine my surprise when, in the Spring of 2022, I get referred to me a brand-new employment discrimination lawsuit filed in February 2022 by Punch against the Administrator (the "2022 Lawsuit"). I immediately looked at the Complaint to understand the allegations put forward in this latest salvo. Are they the same claims set forth in the 2016 Lawsuit, or do the new allegations arise out of a totally different set of operative facts? After reviewing the 2022 Lawsuit, which is a mere 12-pages, the answer quickly became apparent.

Like Punch's previous bite at the apple, the 2022 Lawsuit contends that NASA hired her in December 2006, put her on a Performance Improvement Plan in March 2013, and fired her for alleged poor performance. Following the same tune as the previous lawsuit, the 2022 Lawsuit also alleges that the stated reason for her termination was false, and that the real reason she was fired was the result of discrimination against her on account of her race and sex, as well as retaliation for her filing a complaint of discrimination with NASA's Equal Employment Opportunity office.

As the legendary ballplayer-poet Yogi Berra reportedly once said, "It's déjà vu all over again." Been there, done that. Probably with those exact thoughts in mind, the Administrator filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that this case screams for the application of the res judicata doctrine. *See* Dkt. 7.

## LEGAL STANDARD

Before I evaluate the merits of the Administrator's res judicata argument, there is one procedural matter I need to address. The Administrator raises his res judicata defense under Rule 12(b)(1). Motions filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *See* FED. R. CIV. P. 12(b)(1). As many other district courts have noted, "the defense of res judicata, or claim preclusion, while having a somewhat jurisdictional character, does not affect the subject matter jurisdiction of the district court." *Smalls v. United States*, 471 F.3d 186, 189 (D.C. Cir. 2006) (cleaned up). For that

reason, the res judicata defense is appropriately raised under Rule 12(b)(6) rather than Rule 12(b)(1). *See, e.g.*, *Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 5395598, at *9 (E.D. Tex. Aug. 7, 2019) ("Defendants raise their res judicata argument under Rule 12(b)(1); however, the Court finds that their assertions are more appropriately considered under Rule 12(b)(6)."); *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-CV-2470-P, 2016 WL 3360432, at *2 n.1 (N.D. Tex. Feb. 24, 2016) ("Zurich asserts its res judicata argument under Rule 12(b)(1), but because preclusion law is not a jurisdictional matter, the Court analyzes Zurich's argument under Rule 12(b)(6)."), *aff'd*, 697 F. App'x 793 (5th Cir. 2017); *Youngin's Auto Body v. District of Columbia*, 775 F. Supp. 2d 1, 6 (D.D.C. 2011) ("Although the defense of *res judicata* is jurisdictional in character, it is an affirmative defense . . . and therefore is not a per se jurisdictional bar to court review as contemplated by Federal Rule of Civil Procedure 12(b)(1)."). I will, therefore, convert the Rule 12(b)(1) motion to a Rule 12(b)(6) motion.

Rule 12(b)(6) allows parties to seek dismissal of a lawsuit for failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"Although *res judicata* generally cannot be raised in a motion to dismiss and should instead be pleaded as an affirmative defense, dismissal under Rule 12(b)(6) is appropriate if the *res judicata* bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it

as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (cleaned up). *See also Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013) ("This Court has found that res judicata may be properly raised on a motion to dismiss when the facts are admitted or not controverted or are conclusively established. When all relevant facts are shown by the court's own records, of which the court takes notice, the defense of res judicata may be upheld on a Rule 12(b)(6) motion without requiring an answer." (cleaned up)).

## ANALYSIS

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The purpose of res judicata is to prevent vexatious litigation, promote judicial economy, and give finality to certain judgments. *See Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 908 (5th Cir. 2011). Res judicata applies when: (1) both suits involve the same parties; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior judgment was final and on the merits; and (4) both suits involve the same claim or cause of action. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). If these four conditions are satisfied, the plaintiff is barred from attempting to relitigate any claims that could or should have been brought in the prior action. *See Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004).

The first three elements are not disputed. The 2016 Lawsuit involved the same parties (Punch and the Administrator) as the instant case, and a court of competent jurisdiction (the United States District Court for the Southern District of Texas, Galveston Division) rendered a final judgment on the merits. *See* Dkt. 7-2 at 26 (final judgment issued on May 22, 2018).

My focus must then turn to the fourth element: whether the 2022 Lawsuit involves the same claims or causes of action as the 2016 Lawsuit. In conducting this inquiry, I apply the transactional test adopted by the Fifth Circuit. *See Test*

*Masters*, 428 F.3d at 571. Under this test, "the critical issue is not the relief requested or the theory asserted but whether [the] plaintiff bases the two actions on the same nucleus of operative facts." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). Stated another way, "[i]f a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred." *Test Masters*, 428 F.3d at 571. "A party may not avoid the preclusive [e]ffect of res judicata by asserting a new theory or a different remedy. The nucleus of facts defines the claim rather than the legal theory posed or recovery sought." *Howe*, 913 F.2d at 1144 n.10.

In his motion to dismiss, the Administrator argues that all of Punch's claims raised in the 2022 Lawsuit are barred by res judicata because they concern the same transactions or events that were addressed in the 2016 Lawsuit. I concur. As already noted, the two lawsuits arise out of Punch's employment relationship with NASA. The factual allegations in both lawsuits are the same: NASA improperly terminated her employment as a result of race and sex and in retaliation for filing a complaint of discrimination with NASA's Equal Employment Opportunity office. I recommended dismissal of the 2016 Lawsuit because Punch failed to timely bring her lawsuit. United States District Judge George C. Hanks, Jr. agreed with me and issued a final judgment. Punch had a full and fair opportunity to litigate her claims in the 2016 Lawsuit.

I must say that I am impressed by Punch's dogged determination to bring claims against the Administrator for employment discrimination and retaliation. Nonetheless, the res judicata doctrine clearly bars Punch's efforts to relitigate the same issues once again. Punch maintains that the 2016 Lawsuit "does not involve the same allegations as the instant case." Dkt. 10 at 4. In making this claim, Punch argues that "[e]ven though [she] challenged the legitimacy of an ultimate employment action in her prior suit, she did not allege a pattern or practice of systematic discrimination against her based on incidents from a different period of time during her employment with NASA." *Id*. This argument reminds me of the

old saying, "You can put lipstick on a pig, but it is still a pig." Reading the operative complaints in both cases side by side tells the complete story. Although the respective complaints are not identical in all respects, the thrust of the allegations in both lawsuits are the same: NASA illegally terminated Punch from her job as a program analyst, discriminating against her as a result of her race and sex and retaliating against her for filing a charge of discrimination. Importantly, the discrimination and retaliation allegations in both lawsuits cover the same time period—beginning when Punch accepted a position at NASA in December 2006 and ending upon her termination in August 2013. The two actions thus "originate from the same continuing course of allegedly discriminatory conduct." *Davis*, 383 F.3d at 314 (finding the same common nucleus of operative facts present even though the "factual allegations articulated in the two complaints differ[ed]" because "the claims in question originate[d] from the same continuing course of allegedly discriminatory conduct"). *See also Ayissi v. Kroger Texas, L.P.*, 849 F. App'x 489, 490–91 (5th Cir. 2021) (holding that res judicata barred former employee's Title VII and Americans with Disabilities Act action for wrongful termination where a prior lawsuit raised Title VII claims of racial discrimination, unlawful retaliation, and hostile work environment arising out of the same nucleus of operative facts); *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 265–66 (5th Cir. 2018) (holding that Fair Labor Standards Act claims arose out of the same set of operative facts as prior Title VII claims and, thus, were barred by res judicata); *Steen v. Harvey*, 247 F. App'x 511, 514–15 (5th Cir. 2007) (holding that res judicata barred effort to bring second lawsuit alleging hostile work environment when first lawsuit asserting discrimination on the basis of race, age, and disability arose from the same nucleus of operative facts).

Because the same common nucleus of operative facts are present in both the 2022 Lawsuit and the 2016 Lawsuit, Punch's latest effort to sue the Administrator is barred by res judicata. To allow Punch to proceed with this lawsuit would frustrate the very purpose of the res judicata doctrine. The parties would suffer

6

unnecessary costs and vexation, judicial resources would be wasted, and the likelihood of inconsistent results would increase, ultimately diminishing the integrity of the judicial system in the eyes of the public.

## CONCLUSION

For the reasons explained above, I recommend that Defendant's Motion to Dismiss (Dkt. 7) be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 15th day of July 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE